[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings before the court a motion for contempt dated November 27, 2002. Therein, the plaintiff alleges that the defendant has failed to pay "college expenses" for the parties' child, Michael, as required pursuant to Article VI of the parties' divorce decree dated May 24, 1988. The plaintiff appeared pro se to prosecute the motion. The defendant appeared through counsel.
The relevant section of the May 24, 1988 decree reads as follows: "To the extent that he is reasonably financially able, the Husband shall besolely responsible for the education of the parties' minor children andshall pay any and all expenses incurred by the children during theirattendance at a junior college, a four-(4) year college, or their respective equivalents." (Emphasis added.) (See Article VI, § 6.1.)
The plaintiff submitted numerous receipts, bills, canceled checks and bank statements which she testified were all expenses incurred by her or expended by her on Michael's behalf during his attendance at college. The expenses incurred included books, dues, dormitory supplies, apartment furnishings, clothing, rent, utilities, plane tickets, as well as direct cash deposits to Michael's savings/checking account and direct payment of Michael's credit card bill. The court finds all of these expenses fall within the category set forth in the parties' decree, as referenced above. The court finds that the total amount expended is $14,797.93.
The Husband offered testimony and evidence of funds he has advanced on Michael's behalf to fulfill his obligation pursuant to § 6.1 of the subject decree. The defendant claims that he is not "reasonably financially" able to pay for these additional items. The court has reviewed the defendant's financial affidavit and disagrees.
The court further heard evidence from both parties and reviewed Defendant's Exhibits Numbers 1 and 2 regarding moneys loaned to the plaintiff from the children's educational fund. On December 28, 1992, the CT Page 1676 plaintiff was loaned $5,000 from this account. On October 5, 1993, the plaintiff was loaned $2,500 from this account. These loans have yet to be repaid.
Wherefore, after reviewing the testimony of the witnesses, the exhibits submitted, the parties' financial affidavits, and the relevant statutes, the court makes the following findings:
 1. The defendant is in contempt for failing to abide by Article VI, § 6.1 of the parties' decree;
2. The defendant owes the plaintiff $14,797.93;
 3. The plaintiff shall satisfy repayment of the $7,500 loan from the children's education account by way of a dollar for dollar offset from the amount the defendant owes the plaintiff;
 4. The defendant shall pay to the plaintiff the sum of $7,297.93 as follows: $1,000 within thirty (30) days of this decision, and then $750 every thirty (30) days thereafter until the amount owed is satisfied in full;
 5. The plaintiff shall not incur any expenses on Michael's behalf for which she seeks reimbursement from the defendant.
Bozzuto, J. CT Page 1677